UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-744 AS |
| | ) | |
| WILLIAM TELLER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION**

On March 10, 2003, Plaintiff Directv Inc. (Directv) filed its complaint. On March 5, 2004, this case was fully referred to the undersigned to issue a report and recommendation for all matters. On February 5, 2007, Directv filed a motion for default judgment with several affidavits in support of its motion. For the following reasons, this Court **RECOMMENDS** that Directv's motion for a default judgment [Doc. No. 138] be **GRANTED** and that judgment be entered against Defendant and in favor of Directv.

**I.    FACTS.**

Directv is in the business of providing private homes and businesses with satellite television programing. Directv secures the broadcast rights for various programs and then sends a scrambled broadcast to its satellites. The scrambled broadcast is then sent from the satellites to home or business viewers who have purchased the appropriate equipment from Directv. Directv's equipment unscrambles the broadcast for its viewers. People and entities than receive certain unscrambled programing either by 1) paying a monthly fee or 2) paying a set fee for a one time viewing.

Directv has undisputed evidence that Defendant purchased an illegal device on March 5, 2001, that allows him to "pirate" programming from Directv's satellites.  Essentially, the illegal device allows Defendant to receive programming either by illegally receiving and unscrambling Directv transmissions, or by bypassing certain features on legitimate Directv equipment that requires one to pay a fee for a one time viewing.

**II.   ANALYSIS**

There is no dispute that Directv is entitled to a default judgment because Defendant has failed to enter an appearance or otherwise defend this action.  Furthermore, a clerk's entry of default has already been entered against Defendant.  Thus, all that remains is to determine a reasonable judgment

Federal law provides under 18 U.S.C. 2520(2) that one who intercepts scrambled communications is liable for either $100 dollars per day for each day of violation or $10,000, which ever happens to be greater.  Directv has provided undisputed evidence that Defendant purchased equipment that allows one to illegally intercept Directv's scrambled communications, but Directv has not specifically provided evidence of how many days Defendant intercepted those communications.  Consequently, Directv is entitled to the statutory minimum of $10,000. Because Directv is entitled to default judgment, Directv is also entitled to its reasonable attorney's fees of $485.60.

Accordingly, because Directv has presented evidence that Defendant illegally intercepted Directv communications, Defendant also should be enjoined from committing similar violations of federal law against Directv or others.

**III.   CONCLUSION**

For the reasons stated, this court **RECOMMENDS** that Directv's motion for default judgment be **GRANTED** [Doc. No. 138] and that Directv be awarded damages in the amount of $10,000 and attorney's fees in the amount of $485.60.  Defendant should also be enjoined from committing similar acts of communication piracy in the future.

**NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed.R.Civ.P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 5th Day of February, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
